POLITZ, Circuit Judge:
 

 Curtis B. Danning, trustee in the bankruptcy proceedings of Jack R. Cobb, seeks dismissal of the appeal from a judgment of the district court entered on May 16, 1984. Finding no timely notice of appeal and, as a result thereof, no jurisdiction in this court, we dismiss the appeal.
 

 Facts
 

 As trustee, Danning filed a complaint against Graco Enterprises, Ltd., a limited partnership, William E. Grace, a general partner, Morgan K. Williams, trustee of a deed of trust, Fruehauf Finance Company and Trailer Finance Company, seeking certain relief relative to assets Danning contended belonged to the bankrupt estate, including a declaration of a priming position over the defendants’ claims as creditors of the bankrupt.
 

 On May 16, 1984 the trial court rendered judgment in favor of the trustee. On May 29, 1984 defendants filed three motions: (1) a Motion for Correction of Clerical Mistake under Rule 60; (2) a Motion for Additional and Amended Findings of Fact under Rule 52; and (3) a Motion for New Trial. On June 18, 1984, while these motions were still pending, defendants noticed an appeal from the judgment of May 16, 1984.
 

 On July 11, 1984 the district court entered an order correcting the clerical error and denied the motions for additional fact-findings and for a new trial. The appeal process proceeded and on September 13, 1984 appellee filed with this court a motion to dismiss the appeal for lack of jurisdiction. In the meantime the district court requested a remand to correct errors in its decree. In response thereto, on September 24, 1984 we ordered that the matter be “remanded for the limited purpose of correcting errors in the judgment and order of May 16, 1984 pursuant to 60(a) F.R.C.P. Appellee’s motion to dismiss will be held in abeyance pending entry of the lower court’s corrected judgment.” On September 27,1984, the district court made clerical amendments to its judgment, including the taxing of costs against defendants. Thereafter, on October 1, 1984, appellants filed a Notice of Appeal “from the Final Judgment and Order entered in this action on the 16th day of May 1984, as corrected by Order of this Court on September 27, 1984.” There were no filings by defendants relative to an appeal between July 11, 1984 and October 1, 1984.
 

 Analysis
 

 The Federal Rules of Appellate Procedure mandate the time for filing a notice of appeal, a jurisdictional requisite for appellate review. Rule 4(a) provides in part:
 

 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from;
 

 sH * * * íJí
 

 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial,
 
 the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from
 
 
 *479
 

 the entry of the order disposing of the motion as provided above
 
 (emphasis added).
 

 The June 18 Notice of Appeal was totally vitiated by the subsequent filing of the motion for additional findings of fact and the motion for new trial. It became a premature notice of appeal and as the Supreme Court taught in
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982):
 

 Under the plain language of the current Rule [Rule 4(a)(4) ] a premature notice of appeal “shall have no effect”; a new notice of appeal “must be filed.” In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.
 

 From the foregoing it is manifest that the Notice of Appeal filed on June 18, 1984 must be held for naught for “it is as if no notice of appeal were filed at all.” Accordingly, we are clearly without jurisdiction unless the Notice of Appeal filed on October 1, 1984 is deemed timely or the record reflects a timely filed functional equivalent of a notice of appeal.
 

 We conclude that the September 27, 1984 order of the trial court did not begin anew the time for the filing of a notice of appeal. Our remand was limited and specific; we returned the matter to the district court under the authority of Fed.R.Civ.P. 60(a) for the correction of errors in the judgment and order. Corrections under Rule 60(a) do not affect the underlying judgment,
 
 International Controls Corporation v. Vesco,
 
 556 F.2d 665 (2d Cir.1977), and, consistent therewith, do not affect the time for filing a notice of appeal. Our colleagues of the Second Circuit concluded that: “The time for appeal from the underlying judgment correspondingly dates from the original rendition of judgment in the Rule 60(a) context, whereas in the Rule 60(b) situation it dates from the entry of the amended judgment.” Id., 556 F.2d at 670. We agree. The district court’s order of September 27, 1984 is not material to the determination whether there has been a timely appeal. The appeal delay began when the court acted on the post-trial motions on July 11, 1984, and were not resurrected by the September 27, 1984 order. No timely notice was filed.
 

 Finally, we observe that the requirement for a timely appeal notice can be satisfied by filings which constitute the functional equivalent of a formal notice.
 
 Alamo Chemical Transp. Co. v. M/V OVERSEAS VALDES,
 
 744 F.2d 22 (5th Cir.1984);
 
 Van Wyk El Paso Investment, Inc. v. Dollar-Rent-A-Car Systems, Inc.,
 
 719 F.2d 806 (5th Cir.1983);
 
 Stevens v. Heard,
 
 674 F.2d 320 (5th Cir.1982);
 
 Cobb v. Lewis,
 
 488 F.2d 41 (5th Cir.1974). A review of the record discloses no filings by appellants after July 11, 1984 which might qualify as that functional equivalent.
 

 There being no timely notice of appeal, this court lacks jurisdiction to hear this appeal and the matter is accordingly DISMISSED.