Geraldine G. CANNON, Plaintiff,

v.

LOYOLA UNIVERSITY OF CHICAGO,
et al., Defendants.

No. 84 C 8063.

United States District Court,
N.D. Illinois, E.D.

April 16, 1987.

See also, D.C., 116 F.R.D. 244.

John Cannon, Chicago, Ill., for plaintiff.

William H. Oswald, Loyola University of Chicago, Thomas H. Morsch, Sidley & Austin, George F. Galland, Jr., Davis Barnhill & Galland, Stuart Bernstein, Mayer Brown & Platt, Eric A. Oesterle, Sonnenschein Carlin Nath & Rosenthal, William J. Sneckenberg, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

On May 31, 1985, this Court granted Northwestern's motion for sanctions in the amount set forth in its petition, $1,715.75. Prior to this, on February 26, 1985, we entered judgment for defendants pursuant to Rule 58. Under Rule 58, entry of judgment is not to be delayed for the taxing of costs. Attorney fees are properly included in this as the taxing of costs. *See Richards v. The Government of the Virgin Islands,* 579 F.2d 830 (3d Cir.1978). Therefore, it was entirely appropriate that we did not stay entry of the judgment on February 26, 1985, pending the resolution of the defendants' fee petitions. When we did resolve the defendants' fee petitions in our May 31, 1985 Order, the clerk should also have entered a second Rule 58 judgment. Although this was not done, there

was never any question that our May 31, 1985 ruling was a final judgment as the Seventh Circuit considered Mrs. Cannon's appeal of both the February 23 and May 31 Orders. *See Cannon v. Loyola University,* 784 F.2d 777 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). Failure to enter the second Rule 58 judgment was merely a technical error appropriate for correction under Fed.R.Civ.P. 60(a). *See Brown v. Moore,* 247 F.2d 711, 714 n. 2 (3d Cir.), *cert. denied,* 355 U.S. 882, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957). Additionally, a district court may correct the record under Rule 60(a) after appeal without leave of the appellate court. *Panama Processes, S.A. v. Cities Service,* 789 F.2d 991 (2d Cir.1986); *Dura-Wood Treating Co. v. Century,* 694 F.2d 112 (5th Cir.), *cert. denied,* 459 U.S. 865, 103 S.Ct. 144, 74 L.Ed.2d 122 (1982); Moore's Federal Practice, Vol. § 60.08[3].

■ As to Cannon's request that we coordinate the proceedings in this action with her proceedings in Docket No. 86 C 5437, we deny this request just as we denied her earlier request on August 20, 1986. Counsel and plaintiff are strongly admonished to discontinue this endless stream of redundant and meritless pleadings with which they have been flooding the Court. We will not hesitate to assess further sanctions under Fed.R.Civ.P. 11 and will not limit the sanctions to merely the amount of costs and attorney fees incurred by the opposing party, but where appropriate we will impose in addition sanctions payable directly to the Clerk of the Court for wasting judicial resources. *Advo System, Inc. v. Walters,* 110 F.R.D. 426, 433 (E.D.Mich.1986); *Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695, 711 (E.D.Mich.1985); *Itel Containers International Corp. v. Puerto Rico Marine Management, Inc.,* 108 F.R.D. 96, 106 (D.N.J.1985). The taxpayers of the United States should not have to bear the burden of Mrs. Cannon's "penchant for harassing the defendants," *Cannon,* 784 F.2d at 782, which has turned into a penchant for unduly burdening this Court as well. It is so ordered.