Mariano S. FALCON,
Plaintiff-Appellant,

v.

GENERAL TELEPHONE COMPANY,
Defendant-Appellee.

No. 85–1688

United States Court of Appeals,
Fifth Circuit.

April 23, 1987.

**318**

Frank P. Hernandez, John E. Collins, Dallas, Tex., for plaintiff-appellant.

E. Russell Nunnally, Jennifer R. Brandeis, Johnson & Swanson, Dallas, Tex., for defendant-appellee.

Before BROWN, RUBIN, and GARWOOD, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Mariano Falcon challenges the District Court's decision in his employment discrim-

ination suit against General Telephone Company of the Southwest. He sued individually for discrimination in promotion as well as on behalf of Mexican-Americans as a class for discrimination in hiring. The District Court's decision follows remand from the Supreme Court and the Fifth Circuit to reconsider the case in light of *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The District Court ruled that Falcon failed to carry his burden of proof under the standards set out by the Supreme Court in *Burdine*. Falcon contends that the law of the case doctrine binds the District Court to the findings of fact made by the original trial court. Finding that the District Court properly followed the Supreme Court's mandate to reconsider the case in light of *Burdine* and that the District Court's findings of fact are not clearly erroneous, we affirm.

### The Long and Winding Road

This lawsuit has already twice traversed the spectrum of judicial review and is currently on its third trek. This case was originally tried in the court of the late Judge Sarah T. Hughes who certified the class and found in favor of the Plaintiff Falcon on both his individual claim of discrimination in promotion and his claim of class discrimination in hiring. *Falcon v. General Telephone*, 463 F.Supp. 315 (N.D. Tex.1978). The Fifth Circuit then affirmed the finding of individual discrimination in promotion and affirmed the class certification but reversed the finding of discrimination against the class and remanded for closer examination of the parties' statistics. *Falcon v. General Telephone*, 626 F.2d 369 (5th Cir.1980).

While the case was pending appeal to the Supreme Court, the decision in *Burdine* was handed down by the Supreme Court which modified the standard of proof required to prove a claim of employment discrimination in the Fifth Circuit.[1]

1. Prior to the Supreme Court's decision in *Burdine* an employer charged with a violation of Title VII was required under the law of the Fifth

Circuit to show that the individual selected was better qualified than the plaintiff. If the employer failed to meet that burden of proof, the

Accordingly, the Supreme Court vacated and remanded this case to be reconsidered in light of its holding in *Burdine*. *General Telephone v. Falcon*, 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981). We then in turn vacated our decision on the promotion claim but reaffirmed the certification of the class. 647 F.2d 633 (5th Cir. 1981).

Before the case reached the District Court on remand, however, the Supreme Court agreed to hear argument on the class certification issue. In a landmark decision significantly altering employment discrimination law in the arena of class actions, the Court decided to do away with the "across-the-board" class definition [2] and instead, to require rigorous analysis of the prerequisites of F.R.Civ.P. 23(a). *General Telephone v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Our remand was then modified to reflect the Supreme Court's additional holding in this case. 686 F.2d 261 (5th Cir.1982).

On remand, the District Court [3] found that (i) under F.R.Civ.P. 23(a), Falcon was not a proper class representative; [4] (ii) the

class hiring claims were baseless; and (iii) resolution of Falcon's individual claim required a new trial to adequately apply the *Burdine* standard of proof. 611 F.Supp. 707 (N.D.Tex.1985).

In applying the new standard of proof, Judge Buchmeyer concluded that the plaintiff had failed to sustain the burden required by *Burdine* to prove employment discrimination.

Falcon contends that the law of the case doctrine precluded Judge Buchmeyer from making new findings of fact and conclusions of law contrary to Judge Hughes' original findings; and in the alternative, he contends that even if new findings of fact and conclusions of law could properly be made, they were clearly erroneous.

### "The Law of the Case"

The doctrine of the law of the case grew out of the practical view that, once an appellate court has decided an issue in a particular case both the District Court and the Court of Appeals should be bound by that decision in any subsequent proceedings in the same case. Clearly, it would

---

plaintiff was entitled to the judgment. *Falcon v. General Telephone of the Southwest*, 626 F.2d 369 (5th Cir.1980).

In *Burdine*, the Supreme Court reallocated the burden of proof among the parties in a discrimination suit. The Court made clear that the burden of proving discrimination always remains with the plaintiff. The employer is required to demonstrate a legitimate non-discriminatory reason for its employment decision. This can be satisfied by a showing that the individual selected was at least equally qualified with the plaintiff but the plaintiff can still carry the day by showing that the employer's reasons are a pretext. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

2. The "across-the-board" rule of the Fifth Circuit was that any victim of discrimination in employment could maintain an "across the board" attack on all unequal employment practices under Title VII alleged to be practiced by the employer pursuant to a policy of discrimination. *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Payne v. Travenol Laboratories*, 565 F.2d 895 (5th Cir.1978), *cert. denied*, 439 U.S. 835, 99 S.Ct. 118, 58 L.Ed.2d 131 (1978); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir.1969).

In its review of the "across the board" rule, the Supreme Court held that a class action under Title VII, like any other class action, may only be certified if the trial court is convinced, after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. This case was subsequently remanded to the Fifth Circuit which, in turn, remanded it to the District Court to conduct such an analysis.

3. Unfortunately, before the case was returned to the District Court, Judge Hughes passed away. The case was then transferred by random draw to Judge Buchmeyer.

4. The District Court concluded that in this case intervention should be permitted by one of the class members who filed a claim in response to the class notice. Interpreting our decisions in *Vuyanich v. Republic Bank of Dallas*, 723 F.2d 1195 (5th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 567, 83 L.Ed.2d 507 (1984), and *Sanchez v. Standard Brands*, 431 F.2d 455 (5th Cir. 1970), the court reasoned that since the jurisdictional section of our opinion had remained in effect and since it expressly held that the class hiring claims were "reasonably related" to Falcon's claim of promotion discrimination in his E.E.O.C. charge, intervention was required. As this issue is not on appeal we withhold judgment on the propriety of this reasoning.

not do well for the morale or credibility of the judiciary to have one panel of Circuit Judges second-guessing another panel from the same circuit on the same question of law in the same case.[5] As this court has so succinctly stated, the doctrine is rooted in "the salutary and sound public policy that litigation should come to an end." *White v. Murtha,* 377 F.2d 428, 431 (5th Cir.1967).

Although the doctrine is well established it "is not an inexorable command but a rule of practice limited in scope." *Todd Shipyards Corp. v. Auto Transport, S.A.,* 763 F.2d 745, 750 (5th Cir.1985), citing *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318, 333 (1983); *United States v. Horton,* 622 F.2d 144, 148 (5th Cir.1980).

### To Every Rule There Exists an Exception

■ This well established rule has several clear exceptions, however, which is true with most rules of law. The doctrine of the law of the case is to be followed unless (i) a subsequent trial produces substantially different evidence; (ii) the prior decision was clearly erroneous and would work manifest injustice; or (iii) controlling authority has since made a contrary decision of law applicable to the issue. *Barrett v. Thomas,* 809 F.2d 1151 (5th Cir.1987); *E.E.O.C. v. International Longshoreman's Association,* 623 F.2d 1054 (5th Cir.1980), *cert. denied,* 451 U.S. 917, 101 S.Ct. 1997, 68 L.Ed.2d 310 (1981), citing *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967).

■ While our decision which affirmed the original trial court's finding of discrimination against Falcon was awaiting review by the Supreme Court, the Court issued its ruling in *Burdine* changing the applicable law. Falcon's case, having been decided

under the prior legal standard, was vacated by the Supreme Court and remanded for reconsideration under the new standard. With that one fell swoop of the Supreme Court's pen the law of the case doctrine, in as far as it had sealed the finding of discrimination in promotion, was swallowed whole by the third exception to the rule.

Falcon suggests that the Supreme Court only vacated the decision to allow the new standard of law to be incorporated into the District Court's decision, but did not disturb the original finding of fact that General Telephone had discriminated against Falcon. This argument misconceives the effect of vacating a judgment. As this court has stated before, to vacate a judgment "is to take away from it any precedential affect". *Troy State University v. Dickey,* 402 F.2d 515, 517 (5th Cir.1968); *Tyson v. Cazes,* 363 F.2d 742 (5th Cir.1966). In essence, when a judgment is vacated "all is effectually extinguished." *Lebus v. Seafarer's International Union, Etc.,* 398 F.2d 281 (5th Cir.1968).

When the Supreme Court vacated Judge Hughes' decision, it swept away all that was tied to that judgment. This included all findings of fact derived from applying the pre-*Burdine* standard of proof to the evidence. Those findings were integral to her conclusion that General Telephone had failed to prove the individuals promoted over Falcon were better qualified than he, resulting in a judgment that General Telephone was guilty of discrimination.

Judge Buchmeyer heard virtually the same evidence presented to Judge Hughes and, although he gave thoughtful consideration to Judge Hughes' determinations, he concluded that General Telephone had met its burden of proof by presenting credible evidence that the individuals selected were at least as qualified as Falcon. The Dis-

---

**5.** In explaining the rationale behind the doctrine we have pointed out that there was a time when a case going up on a second appeal would be heard by the very same judges as the first appeal. Today, that is highly unlikely and if the practice were followed that each succeeding panel could arrive at its own decisions on the same questions, the losing party on the first appeal would naturally strive to bring it back a

second, or a third, or a fourth time until all the possibilities for reversal were exhausted. *Lincoln National Life Insurance Company v. Roosth,* 306 F.2d 110, 114 (5th Cir.1962) (en banc), *cert. denied,* 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963), *quoted in Todd Shipyards Corp. v. Auto Transport, S.A.,* 763 F.2d 745, 750 n. 9 (5th Cir.1985).

trict Court further concluded that Falcon failed to present sufficient evidence to establish that General Telephone's reasons for its employment decision were a pretext for discriminating against him. This being so, the District Court properly determined that Falcon had failed to prove his case and entered judgment for General Telephone.

### Unless Clearly Erroneous ...

The finding of whether or not discrimination has occurred is a finding of fact which, under F.R.Civ.P. 52(a), "shall not be set aside unless clearly erroneous, and due regard shall be given to the trial court to judge the credibility of the witnesses." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985); *Pullman v. Swint*, 456 U.S. 273, 285–286, 287 n. 16, 102 S.Ct. 1781, 1789 n. 16, 72 L.Ed.2d 66, 78 n. 16 (1982). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948).

Judge Buchmeyer's purpose for holding a new trial was so that he could fairly judge the demeanor of the witnesses rather than attempt to infer credibility determinations from Judge Hughes' findings of fact—credibility determinations based on reasons which were not entirely clear from the record.

To warrant a trial on employment discrimination, Falcon first had to establish a prima facie case by showing that he was a member of a protected class, he was qualified for the position which he sought, he was rejected, and the employer continued to search to fill the position. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Falcon, a Mexican-American, established his prima facie case by showing he was a member of a protected class; he had applied for a promotion to a position for which he was qualified; he was rejected and others were promoted instead of him. The burden shifted to General Telephone to rebut that case by demonstrating a legitimate, non-discriminatory reason for the employment decision.

■ Judge Buchmeyer's finding that General Telephone had successfully rebutted Falcon's case was a factual determination and turns substantially on his acceptance of the testimony of General Telephone's witnesses as to their reasons for promoting the selectees over Falcon.[6]

In the face of an employer's successful rebuttal of the prima facie case, *McDonnell Douglas* requires the plaintiff to show that the employer's reasons are in actuality a pretext. Our review of the record supports the District Court's conclusion that Falcon failed to offer sufficient evidence to make that showing and therefore we cannot accept Falcon's contention that the finding was clearly erroneous.

### The Class Action

■ It is only after a lower court's decision has been reviewed and judgment made thereon that the law of the case doctrine is activated. Judge Hughes' original finding that General Telephone discriminated against Mexican-Americans as a class could not become the law of the case because, although at issue on appeal, it was never upheld on appellate review. In fact, when the case did reach the Fifth Circuit, we remanded and *reversed* the finding "for a more specific evaluation of both the plaintiff's and the defendant's statistics with specific findings on the use of hiring data as opposed to applicant-flow data." *Falcon*, 626 F.2d at 382. This court's instruction that the District Court evaluate and

---

6. Judge Buchmeyer specifically emphasized that (i) Falcon turned down one promotion in 1970; (ii) he voluntarily relinquished a supervisory position which he had held; and (iii) the individuals selected had acquired experience from substantially similar positions held in previous jobs. In addition, Judge Buchmeyer noted that (iv) General Telephone had actively recruited minorities and (v) Falcon received three promotions in his first year and substantial training.

examine the data "more specifically" clearly recognized that it could reach a different conclusion upon further evaluations.

 In a class action for employment discrimination, as in an individual claim, the plaintiff has the initial burden of establishing a prima facie case. In a class action, however, this requires the plaintiff to show that the practice complained of has a substantial disparate impact upon the protected class which is indicative of discrimination against them. Once a prima facie case is established the burden shifts to the defendant to show either that (i) its practices do not adversely affect the protected class or (ii) that the disparate impact is the result of a job related selection device, a business necessity, a bona fide occupational qualification, or some other explanation which demonstrates that the disparity is not the result of unlawful discrimination. *Albermarle Paper Company v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280, (1975); *Griggs v. Duke Power Company*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).

Judge Hughes was not clear on why she relied only on hiring data and not applicant-flow data. We remanded the case for a more detailed explanation of her analysis and ordered a closer evaluation of both parties' statistics—specifically why the applicant-flow data was apparently not accepted. Since the case could no longer be before Judge Hughes, and being unable to determine why Judge Hughes accepted and rejected the figures she did, it was necessary for Judge Buchmeyer to conduct his own analysis of the statistics.

While Judge Buchmeyer recognized that Falcon had established a prima facie case for 1972 and 1973, he concluded that General Telephone's applicant-flow statistics successfully rebutted the inferences of discrimination drawn from the prima facie case. He further concluded that for the years 1974 and 1975, Falcon failed to make the required showing to support a prima facie case of discrimination.

 The trial Judge found the disparities between the percentage of Mexican-Americans in the available population and the percentage of Mexican-Americans in General Telephone's work force were not egregious enough to support an inference of discrimination. Where the percentage disparity in population and work force is slim, the District Court is free to require more than statistics alone to establish a showing of discrimination. *Hazelwood School District v. United States*, 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977); *Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Pouncy v. Prudential Insurance Company of America*, 668 F.2d 795, 802 (5th Cir.1982). In this case Falcon did not present any other supporting evidence to supplement his statistics. In an effort to support his disparate impact model, Falcon stresses Judge Hughes' finding that General Telephone's method of accepting and acting upon applications for employment—discarding applications after ninety days without notifying the applicants, or explaining what jobs were available—"while not in itself discriminatory, exacerbated the extant discriminatory practices of the defendant." 463 F.Supp. 315, 317 (N.D.Tex.1978). Judge Buchmeyer explicitly stated, however, that no evidence was introduced to prove that these application procedures affected Mexican-Americans any differently than they did Anglo-Americans. This finding is supported by the record and is not clearly erroneous under F.R.Civ.P. 52(a).

### Attorneys' Fees: The Prevailing Party Requirement

The final issue before this court is the assessment of attorneys' fees. Section 706(k) of Title VII provides the "prevailing party" in a Title VII action with reasonable attorneys' fees. 42 U.S.C. § 2000e–5(k).

 The plaintiff must demonstrate, as a threshold for recovery of attorneys' fees, that he is the prevailing party. *Commonwealth Oil v. E.E.O.C.*, 720 F.2d 1383, 1385 (5th Cir.1983). In determining if a party has prevailed "[t]he proper focus is whether the plaintiff has been successful on the central issue ... as exhibited by the fact that he has acquired the primary relief sought." *Uviedo v. Steve's Sash and Door*

*Co.,* 753 F.2d 369, 373 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986).

Falcon failed to obtain the relief sought on either his individual claim or his class action claim. In his individual claim, the District Court found that he failed to sustain the burden of proof required to prevail in a disparate treatment model of employment discrimination. Likewise, in the class action claim, the District Court ruled that for the years Falcon was able to establish a prima facie case, it was effectively rebutted by General Telephone, and in the ensuing years encompassed by the class action claim, Falcon never established a prima facie case, all of which resulted in a dismissal of the class action.

Where a plaintiff has failed to prevail on a claim he is not entitled to attorneys' fees for the hours spent on that claim. *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct., 1933, 1943, 76 L.Ed.2d 40, 54 (1983). Accordingly, Falcon's request for attorneys' fees is denied.

AFFIRMED.