**Cheryl J. JONES, Plaintiff,**

v.

**JONES BROTHERS CONSTRUCTION CORPORATION, Defendant.**

No. 88 C 979.

United States District Court,
N.D. Illinois, E.D.

June 9, 1989.

John L. Gubbins, John L. Gubbins & Associates, Ltd., Stephen A. Glickman, Chicago, Ill., for plaintiff.

Barbara J. Stuetzer, Katten, Muchin & Zavis, David M. Meister, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

When does an order awarding attorney's fees become an enforceable judgment? Plaintiff Cheryl Jones contends that this occurs when the court issues the order. Defendant Jones Brothers Construction Corporation insists that it does not occur until the court prepares a Rule 58 document and enters the judgment on the civil docket sheet pursuant to Rule 79(a). *See* Fed.R.Civ.P. 58, 79(a). The defendant is right.

## BACKGROUND

On August 19, 1988, this court issued a memorandum opinion, minute order and separate document awarding the $27,152.52 on her Title VII sex discrimination claim against the defendant. On September 16, the defendant filed a notice of appeal from that judgment.

On December 22, with the appeal still pending, this court issued a minute order awarding the plaintiff costs in the amount of $2,695.60. One week later, the court issued a memorandum opinion and order fixing the amount of plaintiff's recoverable attorney's fees at $62,076.25. The court did not set forth on a separate document either the December 22 or the December 29 orders, and did not reflect the entry of any judgment relating to costs or fees on the civil docket.

On April 19, 1989, with the appeal of the underlying judgment still pending, the plaintiff's attorney demanded payment of the attorney's fees. When the defendant refused, the plaintiff moved this court to enforce the fee award as a judgment. The defendant, however, insists that the court may not enforce this award because the award never became an enforceable judgment.

## DISCUSSION

Rule 58 requires the clerk of the court to do two things before a judgment becomes effective.[1] First, the clerk must set forth the judgment on a *separate document.* Then, the clerk must enter the judgment on the civil docket pursuant to Rule 79(a).[2]

Although Rule 58(a) says nothing about finality, and thus does not on its own make a non-final judgment final, *see* Wright & Miller, Federal Practice & Procedure § 2785 at 17 (1973), a court order or jury verdict cannot become an effective judgment, and thus ipso facto cannot become an

1. Rule 58 provides:

   Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs.

2. Rule 79(a) provides in pertinent part:

   All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date is made.

effective final judgment, until the clerk complies with the rules. *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).[3]

The plaintiff concedes as she must that the August 19 judgment could not have become effective, and thus would not have initiated the time for enforcement or appeal, had the clerk not set forth the judgment on a separate document and entered the judgment on the civil docket. She argues, however, that because this judgment was properly entered and thus became a final and appealable judgment, *see Mother Goose Nursery School v. Sendak*, 770 F.2d 668, 675–76 (7th Cir.1985) (properly entered judgment becomes final notwithstanding the need for additional proceedings to establish costs and fees), the court's subsequent ruling awarding attorney's fees does not fall within Rule 58's mandates.

Remarkably few cases have discussed whether an award of attorney's fees following the entry of a final judgment requires compliance with Rule 58. The few courts which have addressed the issue have agreed that a second Rule 58 judgment is necessary, *see Huecker v. Milburn*, 538 F.2d 1241, 1243 (6th Cir.1976); *Cannon v. Loyola University of Chicago*, 116 F.R.D. 243 (N.D.Ill.1987); *cf. Seal v. Pipeline, Inc.*, 724 F.2d 1166 (5th Cir.1984), but we need not look to these cases for the answer to our problem.

Rule 58 says nothing about there being only one Rule 58 judgment per lawsuit, instructing instead that "[e]very judgment shall be set forth on a separate document." Thus, the plaintiff's position prevails only if this court's attorney fee award was not a judgment subject to the Rule. Yet, Fed.R. Civ.P. 54(a) states that "[j]udgment as used in these rules includes a decree and any order form which an appeal lies." Since an award of attorney's fees following the entry of a final judgment is an order from which an appeal lies, *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir.1980), such an award is

a judgment, which does not become effective, and thus does not become enforceable or appealable (unless both parties consent), until the clerk complies with Rule 58. Since this court's clerk omitted to do so, the December 29 attorney fee judgment is not effective, and is therefore not enforceable by the plaintiff.

The plaintiff offers one other basis by which she may obtain enforcement of the December 29 order. She contends that the failure to comply with Rule 58 amounts to nothing more than a clerical error, and accordingly that this court may correct the error pursuant to Fed.R.Civ.P. 60(a). *See Cannon v. Loyola University of Chicago*, 116 F.R.D. 243, 244 (N.D.Ill.1987). Since "[c]orrections under Rule 60(a) do not affect the underlying judgment," *Cobb v. Graco Enterprises, Ltd.*, 750 F.2d 477, 479 (5th Cir.1985), the plaintiff reasons that the December 29 judgment, though not in compliance with Rule 58, nonetheless initiated the time for enforcement and appeal.

This reasoning, though logically sound, rests on a faulty premise. In *Cannon*, the district court had entered a Rule 58 judgment for the defendant on February 26, 1985, and had then entered sanctions against the plaintiff, without entering a Rule 58 judgment, on May 31, 1985. The plaintiff appealed both rulings, and the Seventh Circuit considered both appeals together. *See Cannon v. Loyola University*, 784 F.2d 777 (7th Cir.1986). The defendant subsequently moved the district court for entry of a Rule 58 judgment on the May 31 sanctions order. The district court complied, ruling that the failure to enter a second Rule 58 judgment constituted a clerical error under Rule 60(a).

That case differs from the situation here in one fundamental way. In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Supreme Court held that where both parties agree to waive compliance with Rule 58, an otherwise final judgment becomes an effective

---

**3.** In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Supreme Court created a single exception to this rule. When both parties waive compliance with Rule 58, a final order can become a final judgment, and thus subject to appeal pursuant to 28 U.S.C.

§ 1291, despite the absence of a Rule 58 judgment. *Id.* at 388, 98 S.Ct. at 1121. Since the defendant has not waived Rule 58's requirements, the holding of *Bankers Trust* does not apply here.

final judgment notwithstanding the absence of a Rule 58 judgment, and is therefore subject to appeal.[4] *Id.* at 388, 98 S.Ct. at 1121; *see also Coniston Corp. v. Village Hoffman Estates,* 844 F.2d 461, 463 (7th Cir.1988). Because both parties in *Cannon* at least implicitly waived Rule 58's requirement by not objecting to the appeal of the sanctions award, the award became an effective final judgment notwithstanding the absence of a Rule 58 judgment. The district court's entry of a Rule 58 judgment thus did not change the nature of the sanction award; it was an effective final judgment before the district court entered the Rule 58 judgment, and it remained a final judgment after the district court did so.

In this case, by contrast, the defendant has not waived compliance with Rule 58. Accordingly, the December 29 judgment remains ineffective, and the entry of a Rule 58 judgment would work a substantive change in the nature of that ruling. Rule 60(a) does not apply to such a substantive modification of a court order. When this court, today, enters a Rule 58 judgment on the December 29 order, it will do so not under Rule 60(a), but instead pursuant to Rule 58. This compliance with Rule 58 will then initiate the time for enforcement and appeal. Wright & Miller, Federal Practice & Procedure § 2781 at 6 (1973). The judgment will become enforceable in ten days, *see* Fed.R.Civ.P. 62(a), unless the defendant obtains a stay of the judgment, either pursuant to Rule 62(d) if it appeals, or pursuant to the inherent power of the court if it does not.[5] *See* Wright & Miller, Federal Prctice & Procedure § 2901 (1973).

## CONCLUSION

The plaintiff's motion to enforce this court's December 29 ruling awarding her attorney's fees is denied. The court enters judgment on the December 29 ruling pursuant to Rule 58 of the Federal Civil Rules.

## JUDGMENT IN A CIVIL CASE

IT IS ORDERED AND ADJUDGED that plaintiff is awarded attorney's fees in the amount of $62,076.25. Judgment is entered in favor of the plaintiff and against the defendant for attorney's fees in the amount of $62,076.25. Enter judgment.

---

**4.** Of course, if the court's order was not a final judgment, then the fact that the parties have waived compliance with Rule 58 does not suffice to make the court's order a final judgment. *See Reytblatt v. Denton,* 812 F.2d 1042 (7th Cir. 1987).

**5.** In *Mother Goose Nursery School v. Sendak,* 770 F.2d 668 (7th Cir.1985), the Seventh Circuit, in reaffirming that the underlying judgment must be appealed notwithstanding the need for further proceedings on attorneys fees, noted that the losing party need not file an appeal of the subsequent attorney fee award if his only objection to the award is that he believes the trial court erred in ruling against him in the underlying litigation: Should the court of appeals overturn the underlying judgment, the party would be entitled to relief from the attorney fee award pursuant to Rule 60(b). *Id.* at 676.