917 F.2d 187
 Ronald CHISOM, et al., Plaintiffs-Appellants,
United States of America, Plaintiff-Intervenor-Appellant,
v.
Charles E. "Buddy" ROEMER, III, in his capacity as Governor
of the State of Louisiana, et al., Defendants-Appellees.
 No. 89-3654.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 2, 1990.
 
 Pamela S. Karlan, Univ. of Va. School of Law, Charlottesville, Va., William P. Quigley, New Orleans, La., Judith Reed, Sherrilyn A. Ifell, Julius L. Chambers, New York City, Roy J. Rodney, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, and Ronald L. Wilson, New Orleans, La., C. Lani Guinier, Univ. of Pa. School of Law, Philadelphia, Pa., for plaintiffs-appellants.
 Brian C. Beckwith and Darleen M. Jacobs, New Orleans, La., for amicus curiae Supreme Court Justice for Orleans.
 
 
 1
 Irving Gornstein, Atty., U.S. Dept. of Justice, Appellate Sec., Civ. Rights Div., Jessica Dunsay Silver, Mark L. Gross, U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., for U.S.
 
 
 2
 Brenda Wright, Robert B. McDuff, Washington, D.C., for amicus curiae Lawyers' Com'n.
 
 
 3
 Robert G. Pugh, Shreveport, La., Kendall Vick and Eavelyn T. Brooks, Asst. Attys. Gen., La. Dept. of Justice, Moise W. Dennery, Lemle & Kelleher, and A.R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for defendants-appellees.
 
 
 4
 M. Truman Woodward, Jr., Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for Charles E. Roemer.
 
 
 5
 Peter J. Butler, Locke, Purnell, Rain & Harrell, New Orleans, La., for Walter F. Marcus, Jr.
 
 
 6
 Appeals from the United States District Court for the Eastern District of Louisiana; Charles Schwartz, Jr., Judge.
 
 
 7
 Before KING and HIGGINBOTHAM, Circuit Judges.*
 
 PER CURIAM:
 
 8
 The plaintiffs in this action originally claimed that defendants violated the Fourteenth and Fifteenth Amendments to the United States Constitution and the Voting Rights Act of 1965, Sec. 2 et seq., codified as amended, 42 U.S.C. Sec. 1973 et seq. (Voting Rights Act). The district court ruled against the plaintiffs on the constitutional claims and the Voting Rights Act claims. The district court's ruling on the constitutional claims was not appealed. Thus, there remains pending before this court an appeal of the district court's disposition of the Voting Rights Act claims.
 
 
 9
 In view of the fact that this court, sitting en banc in LULAC v. Clements, 914 F.2d 620 (5th Cir.1990), has overruled Chisom v. Edwards, 839 F.2d 1056 (5th Cir.1988) (Chisom I), this case is remanded to the district court with instructions to dismiss all claims under the Voting Rights Act for failure to state a claim upon which relief may be granted. See Falcon v. General Telephone Co., 815 F.2d 317, 319-20 (5th Cir.1987) ("[O]nce an appellate court has decided an issue in a particular case both the District Court and the Court of Appeals should be bound by that decision in any subsequent proceeding in the same case.... unless ... controlling authority has since made a contrary decision of law applicable to the issue.") (citations omitted); White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967). Each party shall bear its own costs.
 
 
 10
 REMANDED with instructions. The mandate shall issue forthwith.
 
 
 
 *
 This decision is being made by a quorum. See 28 U.S.C. Sec. 46(d)