933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BANK ONE, COLUMBUS, N.A., Plaintiff-Appellee,
v.
Charles William O'BRIEN, Defendant-Appellant,
Karen Sue O'Brien, et al., Defendants,
Freedom Federal Savings and Loan Association, Merit Savings
Association, Lyndon Guaranty Bank of Ohio, Cross
Claimants Defendants-Appellees.
 No. 91-3355.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellees' motions to dismiss the appeal for lack of jurisdiction because of a late notice of appeal. The appellant has failed to respond.
 
 
 3
 A review of the documents before the court indicates that the district court entered an order on February 27, 1991, awarding costs. The judgment entered on March 4, 1991, contained a typographical or clerical mistake in the amount of costs awarded to one of the parties. Such mistake was corrected by an amended judgment entered March 7, 1991. Appellant filed a notice of appeal on April 8, 1991, from the March 7, 1991, amended judgment.
 
 
 4
 The entry of an amended judgment to correct a clerical mistake does not start the appeal period anew. The time for filing an appeal is not tolled and runs from the date of the original judgment. FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952); Danning v. Graco Enterprises, Ltd. (In re Cobb), 750 F.2d 477, 479 (5th Cir.1985); United States v. Geophysical Corp., 732 F.2d 693, 701 (9th Cir.1984); International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978). Thus, the time period for filing an appeal ran from the March 4, 1991, judgment. The notice of appeal filed on April 8, 1991, was five days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that the motions to dismiss be granted and the appeal be, and it hereby is, dismissed. Rule 8(a), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation