# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2026

Lyle W. Cayce
Clerk

_____

No. 24-11018

_____

UNITED STATES OF AMERICA, *ex rel*, CHRISTOPHER FREY, *ex rel*, *Relator*,

Plaintiff—Appellant,

*versus*

HEALTH MANAGEMENT SYSTEMS, INCORPORATED,

Defendant—Appellee,

_____

UNITED STATES OF AMERICA, *ex rel*, CHRISTOPHER FREY, *ex rel*,

Plaintiff-Appellant,

*versus*

HEALTH MANAGEMENT SYSTEMS, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:19-CV-1141, 3:19-CV-920

_____

No. 24-11018

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

At issue is whether: Christopher Frey timely filed his notice of appeal; and the district court erred by granting Health Management Systems, Inc. (HMS), summary judgment against Frey's federal and state-law claims. AFFIRMED.

I.

The following recitation of facts is based on the summary-judgment record, containing, *inter alia*: deposition transcripts; HMS' contracts with State-Medicaid agencies; and other documents attached to the parties' summary-judgment filings. HMS contracts with State-Medicaid agencies to assist in fulfilling their obligation to seek reimbursement for third-party liability (TPL) claims. *See* 42 U.S.C. § 1396a(a)(25)(A) (requiring States participating in Medicaid to "take all reasonable measures to ascertain the legal liability of third parties"). When HMS identifies a potentially liable third party (usually an insurance carrier), it submits a TPL claim to the carrier. If a carrier denies the claim, HMS evaluates whether: the claim is eligible for resubmission (an "appeal"); and pursuing the appeal is cost-effective. On occasion, carriers request that HMS temporarily freeze claim submissions because they "need[ ] to work through backlogs or update their systems". HMS typically grants these "carrier holds", provided the carrier agrees to accept submissions exceeding the statutory deadline. *See* § 1396a(a)(25)(I)(iv)(I) (requiring TPL claims be submitted within three years of medical service).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11018

Frey, a former HMS employee, filed a *qui tam* action against HMS in April 2019, claiming HMS committed "reverse false claims" in violation of the False Claims Act (FCA) and 23 state-law analogues. Shortly after, Frey filed another *qui tam* action against HMS, asserting two claims under the FCA. No government entity intervened in the action. The district court consolidated the actions.

The district court, on HMS' motion to dismiss, dismissed 20 of Frey's 28 claims—with claims remaining from the FCA and the Florida, New York, Oklahoma, and Tennessee analogues. *See* 31 U.S.C. §§ 3729–3733; Fla. Stat. §§ 68.081–68.092; N.Y. State Fin. Law §§ 187–194; Okla. Stat. tit. 63, §§ 5053–5054; Tenn. Code Ann. §§ 71-5-181–71-5-185. Following discovery, the court on 7 October 2024 granted summary judgment to HMS against Frey's remaining claims with an order and a separate final judgment.

Frey filed his notice of appeal on 18 November 2024. HMS moved to dismiss, asserting Frey failed to timely notice his appeal. Frey responded, asserting he timely filed within 30 days of the 18 October final judgment. *See* Fed. R. App. P. 4(a)(1)(A) (providing 30-day deadline for appeal). A motions panel for our court denied HMS' motion. Order, *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 24-11018 (5th Cir. 2 January 2025).

II.

Frey contends a genuine dispute of material fact exists for whether HMS: failed to bill and timely collect TPL claims; and acted with the requisite scienter. HMS counters, maintaining: Frey did not timely file his notice of appeal, thereby depriving our court of jurisdiction; and, in the alternative, no genuine dispute of material fact exists for any of his remaining claims.

No. 24-11018

## A.

For the jurisdictional issue, HMS maintains the time for filing Frey's appeal began with the court's entering summary judgment on 7 October, reasoning that the 18 October order and final judgment can be construed under only Federal Rule of Civil Procedure 60(a) (permitting court to "correct a clerical mistake or a mistake arising from oversight or omission . . . on its own"). *See In re Cobb*, 750 F.2d 477, 479 (5th Cir. 1985) (noting Rule 60(a) correction "do[es] not affect the underlying judgment . . . [and] . . . do[es] not affect the time for filing a notice of appeal"). Although the motions panel denied HMS' motion to dismiss for lack of jurisdiction, that denial "is not binding precedent". *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988). Accordingly, we "ha[ve] a special obligation" to ensure we have jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (citation omitted).

The district court began its 18 October order as follows: "The Court previously granted summary judgment in favor of . . . [HMS] and dismissed . . . Frey's remaining claims . . . . The Court VACATES the previous . . . Order and REPLACES it with the following Order. The Court also VACATES the previous Final Judgment."

The 18 October order was identical to the 7 October order, except the court corrected two typographical errors that were in its 7 October order. First, the court changed "Frey alleged his Amended Complaint" to "Frey alleged *in* his Amended Complaint". (Emphasis added.) Second, "Frey is also entitled to summary judgment on Frey's next theory" was changed to "*HMS* is also entitled to summary judgment on Frey's next theory". (Emphasis added.) The 18 October order does not even identify the changes that were made. And, the court's 18 October docket entry states, *inter alia*: "The Court VACATES the previous . . . Memorandum Opinion and Order

4

and REPLACES it with the following Order.  The Court also VACATES the previous Final Judgment."

Despite HMS' contending the court's corrections were made under Rule 60(a), the court provided no such basis for them, instead vacating its original order and judgment without stating its rationale for doing so. "[W]hen a judgment is vacated, all is effectually extinguished". *Falcon v. Gen. Tel. Co.*, 815 F.2d 317, 320 (5th Cir. 1987) (citation omitted); *see also Vacate*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "vacate" as "nullify[ing] or cancel[ing]" or to "make void").  Accordingly, when the court vacated its 7 October order and final judgment, "it swept away all that was tied to that judgment", *Falcon*, 815 F.2d at 320, including filing a notice of appeal from the vacated final judgment.

This is clearly demonstrated by the two "Final Judgment[s]".  The 7 October final judgment provides:

> On October 7, 2024, this Court GRANTED Defendant Health Management Systems, Inc. ("HMS")'s Amended Motion for Summary Judgment and DISMISSED WITH PREJUDICE all of Plaintiff/Relator Christopher Frey's remaining claims against HMS. Doc. 260, Mem. Op. & Order. As a result, no live claims remain to be adjudicated.  It is therefore ORDERED, ADJUDGED, and DECREED that Frey takes nothing.  This is a FINAL ORDER AND JUDGMENT that disposes of all parties and all remaining claims and controversies in the above-captioned case.  All relief not herein granted is denied.

The 18 October final judgment provides:

> On October 18, 2024, this Court GRANTED Defendant Health Management Systems, Inc. ("HMS")'s Amended Motion for Summary Judgment and DISMISSED WITH PREJUDICE all of Plaintiff/Relator Christopher Frey's

> remaining claims against HMS. Doc. 262, Mem. Op. & Order. As a result, no live claims remain to be adjudicated. It is therefore ORDERED, ADJUDGED, and DECREED that Frey takes nothing. This is a FINAL ORDER AND JUDGMENT that disposes of all parties and all remaining claims and controversies in the above-captioned case. All relief not herein granted is denied.

Among other things, the 18 October final judgment does not even reference the 7 October final judgment and reads as if it never existed. In short, we must assume the district court knew exactly what it was doing and take it at its word. Accordingly, and pursuant to the controlling facts at hand, Frey timely filed his appeal within 30 days of entry of the 18 October final judgment, vesting our court with jurisdiction.

B.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). Frey fails to show the requisite genuine dispute of material fact exists for any of his remaining claims.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (citation omitted). Frey asserts HMS "conceal[ed] or . . . improperly avoid[ed] or decrease[d] an obligation to pay or transmit money or property to the Government". 31 U.S.C. § 3729(a)(1)(G); *accord* FLA. STAT. § 68.082(2)(g); N.Y. STATE FIN. LAW § 189(h); OKLA. STAT. tit. 63, § 5053.1(B)(7); TENN. CODE ANN. § 71-5-182(a)(1)(D). The summary-judgment record, however, does not contain evidence that HMS failed to bill even a single claim under its contracts with State-Medicaid agencies. The same is true for whether HMS acted with: "actual

No. 24-11018

knowledge"; "deliberate ignorance"; or "reckless disregard of the truth" in allegedly failing to bill claims.  31 U.S.C. § 3729(b)(1)(A)(i)–(iii); Fla. Stat. § 68.082(1)(c); N.Y. State Fin. Law § 188(3)(a); Okla. Stat. tit. 63, § 5053.1(A)(2); Tenn. Code Ann. § 71-5-182(b); *see also United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023) (noting subjective-belief standard under FCA).

## III.

For the foregoing reasons, the judgment is AFFIRMED.