**FLOWERS TRANSPORTATION, INC., Plaintiff-Appellant,**

v.

**M/V PEANUT HOLLINGER, her engines, tackle, apparel, etc., in rem, et al., Defendants,**

**Plimsoll Marine, Inc. and ADNAC, et al., Defendants-Appellees.**

**No. 80–3583.**

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1981.

---

Lane & Henderson, Frank J. Dantone, Greenville, Miss., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Broders, New Orleans, La., for ADNAC, Inc.

Usry, Leefe, Hartley & Weeks, Timothy T. Roniger, New Orleans, La., for Plimsoll.

Courtenay, Forstall & Grace, Terrence C. Forstall, New Orleans, La., Randolph Noble, Jr., Greenville, Miss., for East Bank Fleet.

Before GEE and RUBIN, Circuit Judges, and SPEARS,* District Judge.

ALVIN B. RUBIN, Circuit Judge:

A barge loaded with grain sank. The district court made findings of fact and concluded that the fault was attributable 65% to Flowers Transportation, Inc., the owner of the barge, and 35% to Eastbank Fleet, Inc., the operator of the fleet in which the barge was placed after a down-

* District Judge of the Western District of Texas, sitting by designation.

river voyage. Concluding that Flowers's hortative contention that these findings of fact were clearly erroneous is merely a reargument of the case made in the hope that three pairs of ears will be more sympathetic than one, and concluding also that the findings of fact were not clearly erroneous, we affirm.

We would add nothing but useless pages to the law reports by spelling out the facts carefully delineated by the district judge in his thirteen-page opinion. 526 F.Supp. 611 (E.D.La.1980). They were complex and involved four parties, claims against two others having been settled before trial. We have read the record, and it contains, as does almost any case worth a lawyer's time to try, contradictory evidence. Our function as an appellate court is to correct error, but we do so under well-defined limitations. One limitation is that the trial judge's findings of fact are not to be overturned unless they are clearly erroneous. Fed.R.Civ.P. 52(a).

The rule is otherwise in civilian jurisdictions, where many facts are reassessed on appeal. But federal courts are common law courts and the findings of the nisi prius judge are credited unless demonstrably wrong. He has seen the witnesses, heard their voices, and watched the case unfold. We have but six volumes of record.

Flowers urges that the district judge prejudged the case because he commented from time to time on the evidence as the trial progressed. On the record as a whole, we find no indication of bias and, despite the comments, no evidence that the judge decided the case precipitously. He heard all the evidence without cutting counsel off, considered proposed findings, and rendered a thoughtful decision.

█ Of course, each of the several parties who played any role in the movement of the barge, including the grain elevator to which it was assigned for unloading and the operators of the tug that served barges in the unloading process, as well as Flowers and Eastbank, had a duty to use due care.

**114**

See *Noonan Constr. Co. v. Federal Barge Lines, Inc.*, 453 F.2d 637, 641 (5th Cir. 1972); *Stauffer Chem. Co. v. Brunson*, 380 F.2d 174, 179–82 (5th Cir. 1967); *Stegemann v. Miami Beach Boat Slips, Inc.*, 213 F.2d 561, 564 (5th Cir. 1954). Superseding negligence can itself be a proximate cause of maritime disaster. *Detyens Shipyards, Inc. v. Marine Indus., Inc.*, 349 F.2d 357, 358 (4th Cir. 1965) (per curiam); *Curtis Bay Towing Co. v. Southern Lighterage Corp.*, 200 F.2d 33, 35 (4th Cir. 1952); *Houma Well Serv., Inc. v. Tug Capt. O'Brien*, 312 F.Supp. 257, 263–64 (E.D.La.1970); *Mississippi Valley Barge Line Co. v. T. L. James & Co.*, 144 F.Supp. 662, 668 (E.D.La.1956), *aff'd.*, 244 F.2d 263 (5th Cir.), *cert. denied*, 355 U.S. 871, 78 S.Ct. 121, 2 L.Ed.2d 76 (1957). The district court applied the correct legal standards in finding fault on the part of both Flowers and Eastbank, and no fault on the part of the other parties. If they were not at fault, their acts were not superseding proximate causes.

The assessment of liability 65%–35% is also a matter on which initial decision rests with the trial judge. Comparative fault cannot be apportioned with formulaic precision. Because the decision made appears to us to be at least roughly correct, rule 52(a) bars our intervention to attempt to make a more fastidious, which would not necessarily be a more correct, adjustment. *E.g., Allied Chem. Corp. v. Hess Tankship Co.*, 661 F.2d 1044, 1057 (5th Cir. 1981) ("Our review of the [trial court's] apportionment of damages is governed by the 'clearly erroneous' standard.").

For these reasons, the judgment is AFFIRMED.