**FLOWERS TRANSPORTATION, INC.**

v.

**M/V PEANUT HOLLINGER, et al.**

Civ. A. No. 78–669.

United States District Court,
E. D. Louisiana.

March 31, 1982.

See also D.C., 526 F.Supp. 611; 5 Cir., 664 F.2d 112.

Frank J. Dantone and Bruce E. Hampton, Greenville, Miss., for Flowers.

Terrence C. Forstall of Courtenay, Sutherlin, Forstall & Grace, New Orleans, La., for East Bank.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motion of Flowers Transportation, Inc. requesting the payment of post-judgment interest. Plaintiff contends that it is entitled to post-judgment interest by virtue of 28 U.S.C. 1961 and Rule 37 of the Federal Rules of Appellate Procedure. Defendant, East Bank Fleet, Inc., from whom plaintiff seeks payment argues that it made a good faith tender of payment of the judgment and further, that the appeal by plaintiff of this Court's decision interrupts the running of legal interest due on the amount of judgment. 664 F.2d 112. For the reasons hereinafter set out we find that post-judgment interest is due from the date of entry of judgment on June 24, 1980. Accordingly, the motion of plaintiff for post-judgment interest is GRANTED.

After a trial on the merits this Court instructed the Clerk of Court to enter judgment in favor of Flowers Transportation, Inc. and against East Bank Fleet, Inc., in the sum of $75,250.00, and in favor of the other defendants in this case. 526 F.Supp. 611. On June 24, 1980, the Clerk entered judgment. On June 24, 1980, counsel for East Bank Fleet, Inc. sent a letter to plaintiff's counsel which asked for advice as to whether it would be in order to have the check made payable to Flowers Transportation and its attorneys. Defendant contends that this letter was a valid, unconditional tender of payment which should stop interest from running. It is well settled that a tender that is not accompanied by payment of money into the registry of the court is not a valid tender. *Riley Stabler Const. Co. v. Westinghouse Electric Corp.*, 396 F.2d 274 (5th Cir. 1968); *Caine v. John Hancock Mutual Life Insurance Co.*, 313 F.2d 297 (6th Cir. 1963), citing 86 C.J.S. Tender Section 58; *Equifax, Inc. v. Luster*, 463 F.Supp. 352 (E.D.Ark.1978). As no money was ever deposited into the registry of this Court, there was only an offer of tender and no valid, continuing tender since there was no production of the subject matter of the tender.

Rule 67 of the Federal Rules of Civil Procedure governs the procedure for deposits in court; it provides that a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of the sum for which judgment is sought. In order to stop the accrual of interest, East Bank Fleet, Inc. had to make the judgment amount available to plaintiff or deprive itself of the use of the money pending disposition of the appeal by the plaintiff. This it did not do. East Bank Fleet, Inc. had the use of the money it owed to Flowers Transportation, Inc. during the pendency of the appeal. East Bank Fleet, Inc. would be unduly enriched were it to have the use of this money without having to pay interest on it.

Defendant argues that the law in admiralty cases is to the effect that a party taking an appeal from an award in his favor is not allowed interest, citing *Lauro v. United States*, 168 F.2d 714 (2d Cir. 1948). However, *Lauro* is no longer controlling; its reasoning was rejected by the 2nd Circuit in *Kotsopoulous v. Asturia Shipping Co.*, 467 F.2d 91 (2nd Cir. 1972) in view of the promulgation of Rule 37 of the Federal Rules of Appellate Procedure. The Court in *Kotsopoulos* was faced with an issue identical to the one in this case: whether the plaintiff in an admiralty action is entitled to interest as a matter of law on a judgment in his favor, from the date of entry of the judgment until it is paid, when the plaintiff has appealed from the judgment and the judgment has been affirmed. The Court held that Rule 37 compels the award of interest from the date of judgment until the date of payment despite the intervening unsuccessful appeal by the plaintiff.

Rule 37 of the Federal Rules of Appellate Procedure provides in pertinent part, that " . . . if a judgment in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. . . . " Pursuant to 28 U.S.C. 1961, all money judgments recovered in civil cases in federal district courts automatically bear

interest from the date of entry of judgment. The Fifth Circuit has adopted the position that Section 1961 is applicable to judgments rendered in admiralty just as it is to judgments in traditional civil litigation. *Gele v. Wilson*, 616 F.2d 146 (5th Cir. 1980), citing *Kotsopoulos.*

The interest which attaches to the money judgment is that allowed by force of law; in this case, 28 U.S.C. 1961 applies which provides that interest shall be calculated at the rate allowed by state law. Louisiana Civil Code Article 2924 states that 7% interest is to apply to suits pending on or before September 12, 1980 and 10% per annum thereafter. Application of Article 2924 to the instant case results in East Bank Fleet, Inc. owing post-judgment interest at the rate of 7% from June 23, 1980 until September 12, 1980 and at the rate of 10% from September 12, 1980 to the date of payment of the judgment.

■ Defendant also contends that since the judgment made no mention of interest, plaintiff is, in essence, asking the Court to amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, and that plaintiff's motion is untimely since filed more than 10 days after judgment. But it is Rule 60 that controls in this situation, not Rule 59. Rule 60 provides that clerical mistakes and errors arising from oversight or omission may be corrected by the Court at any time on its own initiative. The Court takes cognizance of the fact that the original judgment did not specifically indicate that interest would be due on the amount of the judgment. But under Rule 60(a) where the interest is allowed as a matter of law, it is proper for the Court to correct its ruling to include such interest. *Glick v. White Motor Company*, 458 F.2d 1287 (3rd Cir. 1972), *In Re Merry Queen Transfer Corp.*, 266 F.Supp. 605 (E.D.N.Y. 1967). Since post-judgment interest in civil cases is allowed as a matter of law, it is within this Court's power to correct its original judgment, since to do so is merely a ministerial act regardless of whether the error goes undiscovered for a period exceeding ten days.

Accordingly, it is ordered that East Bank Fleet, Inc. pay to Flowers Transportation, Inc. post-judgment interest on the amount awarded to plaintiff from date of entry of the judgment, June 24, 1980, at the rate of 7 percent from June 24, 1980 until September 12, 1980, and at the rate of 10 percent from September 12, 1980 until September 11, 1981, and at the rate of 12 percent from September 11, 1981 to the date of payment of the judgment.

The Clerk is ordered to enter this corrected judgment.