664 F.Supp. 453 (1987)
FEDERAL BARGE LINES, INC., a corporation, Plaintiff,
v.
GRANITE CITY STEEL, DIVISION OF NATIONAL STEEL CORPORATION, et al., Defendants.
No. 82-1642A(5).
United States District Court, E.D. Missouri.
June 30, 1987.
John S. Sandberg, Shepherd Sandberg and Phoenix, St. Louis, Mo., for plaintiff.
Gary T. Sacks, Goldstein and Price, Samuel B. Murphy, Lucas and Murphy, St. Louis, Mo., Frank J. Dantone, Henderson, Duke & Dantone, Greenville, Miss., and Kortenhof & Ely, Peter Hoffman, St. Louis, Mo., for defendants.

*454 MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court regarding this Court's recent Memorandum Opinion on remand addressing the issue of pre judgment interest. In its Memorandum Opinion, the Court reinstated its original decision and awarded plaintiff Federal Barge Lines pre-judgment interest "at a rate of 12% per annum on its recoverable damages." (Opinion, pg. 4). The parties are in dispute as to what "per annum" means, i.e. whether the pre-judgment interest awarded is to be compounded annually or is to be simple interest with no compounding. The parties have filed a joint motion pursuant to Rule 52(b) with briefs. They request an additional finding and amendment of the judgment accordingly.
Plaintiff Federal Barge argues that the phrase "per annum" denotes interest compounded annually. It argues that pre-judgment interest should be calculated in the same manner as post-judgment interest, pursuant to 28 U.S.C. § 1961(b). Plaintiff further argues that compounding interest annually compensates the plaintiff for the loss of use of its money, which is the intended purpose of awarding pre-judgment interest. Finally, the prevailing interest rates utilized by the district court in determining the rate of the pre-judgment interest award were compounded rates, not simple interest rates.
Defendant Granite City Steel believes that the prejudgment interest award should be calculated on a simple interest basis. Based upon several non-admiralty decisions in other circuits, defendant avers that whenever pre-judgment interest is allowed, such interest is computed as simple interest. Stovall v. Illinois Central Gulf Railroad Co., 722 F.2d 190 (5th Cir.1984); Fox v. Kane-Hiller, 542 F.2d 915 (4th Cir.1976), aff'd. 398 F.Supp. 609 (D.Md.1975) (securities fraud); Speed v. Transamerica Corp., 235 F.2d 369 (3rd Cir.1956), aff'd. 135 F.Supp. 176 (D.Del.1955) (shareholders' suit). It interprets the phrase "per annum" as meaning simple interest. Defendant's interpretation is founded upon a non-admiralty Missouri state court decision. Edmonds v. Northwestern Mutual Life Insurance Co., 183 S.W.2d 359 (Mo.App. 1944), rev'd on other grounds, 189 S.W.2d 542 (Mo.App.1945).
It appears that there are no Eastern District or Eighth Circuit admiralty decisions which address this issue. A perusal of numerous Eastern District and Eighth Circuit admiralty decisions indicate that the phrase "per annum" is used routinely in connection with an award of pre-judgment interest. However, no explanation of the phrase is given. See e.g., SCNO Barge Lines v. Sun Transportation Co., 775 F.2d 221, 227 (8th Cir.1985); Valley Line Co. v. Ryan, 771 F.2d 366, 377 (8th Cir.1985).
This Court finds that the pre-judgment interest awarded to plaintiff Federal Barge should be compounded annually. As previously pointed out in the Court's Memorandum Opinion, admiralty law generally permits awarding pre-judgment interest for the purpose of restitution and full compensation. This Court believes that compounding the interest annually promotes the spirit and intent of this general rule in admiralty. 28 U.S.C. § 1961 has been held applicable to judgments rendered in admiralty, thereby persuading this Court that little justification exists to distinguish between pre-judgment interest and post-judgment interest awards in manner of calculation. See, Gele v. Wilson, 616 F.2d 146 (5th Cir.1980); Flowers Transportation Inc. v. M/V PEANUT HOLLINGER, 94 F.R.D. 99 (E.D.La.1982). Accordingly,
IT IS HEREBY ORDERED that the prejudgment interest awarded to plaintiff Federal Barge, pursuant to court order dated January 11, 1985 and Memorandum Opinion on Remand dated May 15, 1987, shall be compounded annually.