**E.I. DUPONT de NEMOURS**

v.

**ROBIN HOOD SHIFTING AND FLEETING SERVICE, INC., et al.**

Civ. A. No. 86–3179.

United States District Court,
E.D. Louisiana.

Jan. 20, 1989.

Montgomery, Barnett, Brown, Read, Hammond & Mintz, Stanley McDermott, III, New Orleans, La., for plaintiff.

Hanemann and Associates, James Hanemann, Jr., New Orleans, La., for Republic Ins. Co., Arkwright Boston Manufacturers, American Home Assur. Co.

Hebert, Mouledoux & Bland, Maurice C. Hebert, Jr., Roch Poelman, New Orleans, La., for Robin Hood Shifting & Fleeting, Employers Insurance of Wausau.

WICKER, District Judge.

The above-captioned case involved a sinking of a sulfuric acid barge in the Mississippi River. After trial on the merits, the Court entered a judgment on June 7, 1988 in favor of plaintiff and against the defendants and their insurers in the amount of $294,450.00 plus prejudgment interest and costs. After a hearing on November 30, 1988, the Court determined that the primary insurer, Employers Liability of Wausau (Wausau) was liable for expenses, fees and costs in the amount of $70,268.13 in addition to its policy limits; that the excess underwriters were responsible for expenses, fees and costs in the amount of $3,407.26; and requested that Dupont submit an amended judgment.

Both primary and excess object to the entry of Dupont's suggested judgment, which splits the post-judgment interest between the two to run from the date of the original judgment through the date of the amended judgment.

No law has been submitted to permit a splitting of post-judgment interest for which the primary insurer is solely liable.

The primary insurer contends that it should not pay any post-judgment interest because its policy does not provide for such coverage.

◼ Post-judgment interest is a creature of statute and is not discretionary with the Court. 28 U.S.C. § 1961 provides "interest shall be allowed on any money judgment in

a civil case recovered in a district court." This section is applicable to judgments "rendered in admiralty just as it is to judgments in traditional civil litigation." *Flowers Transp. Inc. v. M/V PEANUT HOLLINGER*, 94 F.R.D. 99 (E.D.La.1982) citing *Gele v. Wilson*, 616 F.2d 146 (5th Cir.1980).

 The only case cited to the Court referring to this issue of post-judgment interest is the case of *Steelmet v. Caribe Towing Corp.*, 842 F.2d 1237 (11th Cir. 1988), a case out of the Florida courts. That Court concluded that the insurer was liable for interest accumulated on the policy limits after the date of judgment. The Court reasoned as follows:

> Under Florida law, a liability insurers' obligation to pay under a liability policy arises when the insured is held liable.... [When a] verdict in a trial involving the insureds [was reached, it] "brought into effect the duty of each liability insurer to pay what its insured owed" ... [The] obligation [of the insurer] to pay arose ... when [its insured] was held liable. Given that its obligation to pay arose in 1982, [the insurer] cannot escape paying interest on its $700,000.00 obligation after that date. *The policy limit does not excuse [the insurer] from paying interest on that obligation.* Were it otherwise, an insurer would have no incentive to promptly fulfill its obligation to pay so long as the policy limit had been reached. While an insurer is free to contend that it is not liable under the policy, as [this insurer] has done for several years, the insurer must pay the costs of the delay in the form of interest. This interest is simply compensation for the use of funds which the insurer was obligated to pay as of November 24, 1982. (Emphasis added) (Citations omitted) 842 F.2d at 1244.

The reasoning of the *Steelmet* case should be applied to the facts of this case. Here we have two insurers bickering over post-judgment interest on one policy limit. The primary insurer in this case became liable to pay up to its policy limits when a verdict was returned against its insured in June of 1988. If this Court did not award post-judgment interest against the primary insurer, then there would be no incentive for it to fulfill its obligation to pay once the primary limits were met. Delay in paying would be of no consequence to the primary insurer if it is not responsible for post-judgment interest in addition to its limits.

Accordingly, this Court finds that the primary insurer is obligated to pay post-judgment interest even if the policy at issue makes no mention of the payment of post-judgment interest and even if the post-judgment interest is beyond the limits of the policy.

Accordingly, the judgment of the Court entered on June 7, 1988 is VACATED and SET ASIDE and amended judgment entered.