**Lillian SACCO, Frank Sacco, Material Transport Service and Dart Corporation, Plaintiffs,**

v.

**Patrick BURKE and Burke & McGlinn, Defendants.**

**No. 90 Civ. 5341 (RPP).**

United States District Court, S.D. New York.

May 28, 1991.

Lillian Sacco, Frank Sacco, pro se.

Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, N.J. by Joseph De Donato, for defendants.

ROBERT P. PATTERSON, Jr., District Judge.

This is an action alleging legal malpractice in connection with litigation in state court involving a landfill which plaintiffs had operated. Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

In October 1987, the State of New York, along with other plaintiffs, commenced proceedings in the Supreme Court of the State of New York, Orange County against Frank and Lillian Sacco (collectively "the Saccos"), Material Transport Service and Dart Corporation (two companies controlled by the Saccos) and Reynard Barone and Sarkis Khourouzian, owners of a twelve-acre site in Tuxedo, New York at which the Saccos had operated a landfill. The action sought to enjoin landfill operations at the site. In a decision and order dated March 21, 1988 the Supreme Court granted the State's request for a preliminary injunction and ordered the defendants including the Saccos to post a $100,000 bond as security for payment for cleanup operations. Brief in Support of Motion of Defendants for Summary Judgment and Dismissal (hereinafter "Def. Mem. in Supp."), Exh. A. Thereafter, Frank and Lillian Sacco and the other defendants in the state action stipulated to discontinue landfill operations at the site in lieu of a permanent injunction, and on July 22, 1988 the court ordered the Saccos and the other defendants to post a $4.5 million bond within ten days of entry of judgment as security for payment of cleanup and closure costs at the site. *Id.,* Exh. B. A judgment incorporating the bond requirement was apparently entered on August 25, 1988.

On September 28, 1988 the State of New York brought on, by order to show cause served on Frank and Lillian Sacco, a motion seeking a contempt order for "for their failure and refusal to comply with and carry out the provisions of the Judgment of this Court duly entered on August 25, 1988." *Id.,* Exh. D. The court scheduled the hearing for October 4, 1988.

Between September 28 and October 4, 1988 Frank Sacco was referred to and contacted Patrick Burke, Esq. ("Burke") of the law firm of Burke & McGlinn. Sacco testified at his deposition that Burke agreed to handle the appeal of the July 22, 1988 order. *Id.,* Exh. C at 96, 99, 110. Burke denies that he agreed to represent Sacco on the appeal. Rather, Burke maintains that, as a courtesy to the colleague who had referred Sacco to him, he merely agreed to file a Notice of Appeal, the deadline for which was September 30, 1988, of the judgment entered August 25, 1988 incorporating the bond requirement. *Id.,* Exh. F at

19–20. Burke filed the Notice of Appeal and Pre–Argument Statement on or about September 29, 1988. *Id.*, Exh. E. Burke testified at his deposition that he appeared for the contempt hearing on October 4, 1988 and on plaintiffs' behalf requested a one-month adjournment "so that counsel could come in." *Id.*, Exh. F at 30. The court adjourned the hearing on the order to show cause to November 3, 1988.

On November 3, 1988, however, neither the Saccos nor their counsel appeared and the court issued an order holding the Saccos in contempt for "having disobeyed the provisions and requirements of the judgment ..., namely, the direction therein to post a $4.5 million dollar bond or other acceptable security with DEC within 10 days of service of the judgment." *Id.*, Exh. G at 2–3. The court imposed a fine of $1000 per day on the Saccos running from November 3, 1988 "until defendants post the bond or acceptable security." *Id.*

On November 30, 1988 an attorney from the law firm of Miele & Grosselfinger filed a Notice of Appeal and Pre–Argument Statement appealing the contempt order. *Id.*, Exh. H. Before the contempt appeal could be heard, Miele & Grosselfinger brought on a motion by order to show cause returnable on December 13, 1988 in the Appellate Division, Second Department seeking a stay of the bond requirement and of the $1000 per day fine pending appeal. *Id.*, Exh. K. The order to show cause was accompanied by an affidavit from Lillian Sacco in which she stated *inter alia* that "we have been severely crippled by the huge bond that the Court has ordered," *Id.*, Exh. J at ¶ 1, and that "[t]o impose a requirement of posting a $4.5 million dollar bond is a crushing burden that no one of average means could ever realistically expect to produce." *Id.* at ¶ 20. In a decision and order dated January 19, 1989 the Appellate Division for the Second Judicial Department denied the Saccos' motion for a stay of the bond requirement and of the contempt fine. *Id.*, Exh. L. Thereafter Frank Sacco instructed Miele & Grosselfinger to discontinue work on the appeal.

On April 4, 1990 plaintiffs instituted this action in United States District Court for the District of New Jersey claiming injury due to defendants' legal malpractice. The action was transferred to this district on August 3, 1990.

### DISCUSSION

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Defendants argue that they are entitled to summary judgment on the complaint on the grounds that (1) plaintiffs are collaterally estopped from challenging the propriety of the bond requirement because that issue was fully litigated in an appeal by other parties in the action who had an identity of interest and resulted in a final order upholding the bond requirement, *State v. Barone*, 74 N.Y.2d 332, 546 N.E.2d 398, 547 N.Y.S.2d 269 (1989); (2) that plaintiffs cannot prove that they would have prevailed had they been represented by defendants at the November 3, 1988 hearing since plaintiffs' request for a stay of the bond requirement was denied after a hearing on January 19, 1989; and (3) plaintiffs have failed to submit an expert report on the issue of whether defendants' conduct deviated from professional standards. It is unnecessary to reach all of these arguments because defendants' second point is dispositive.

Under New York law, the elements of a claim for legal malpractice are (1) existence of an attorney-client relationship; (2) negligence on the part of the attorney; (3) proximate cause; and (4) proof that, but

for the alleged acts of malpractice, plaintiff would have been able to recover or proceed in a manner other than that which actually occurred. *See Jordan v. Lipsig, Sullivan, Mollen & Liapakis, P.C.,* 689 F.Supp. 192, 194–95 (S.D.N.Y.1988); *Hanlin v. Mitchelson,* 623 F.Supp. 452, 455–56 (S.D.N.Y. 1985), *affirmed in relevant part,* 794 F.2d 834 (2d Cir.1986).

 Even viewing the facts in the light most favorable to them, plaintiffs have failed to demonstrate the existence of any issues of material fact on the fourth element of their claim of malpractice. The record shows that in their motion in the Appellate Division seeking a stay of the fine for civil contempt plaintiffs fully articulated the circumstances surrounding their inability to post the bond. Nevertheless, the Appellate Division refused to stay either the bond requirement or the contempt fine, an outcome demonstrating that the result of the November 3, 1988 hearing would have been no different had defendants appeared. The court's power to punish a person for civil contempt where he has refused or wilfully neglects to pay money directed to be paid by him by a judgment or order is well-established. *See In re Hildreth,* 28 A.D.2d 290, 284 N.Y. S.2d 755, 757–58 (1967). The only defenses to civil contempt are (1) that the order claimed to be violated is vague and indefinite as to whether particular action is required or prohibited, *see Department of Envtl. Protection v. Department of Envtl. Conservation,* 70 N.Y.2d 233, 513 N.E.2d 706, 519 N.Y.S.2d 539 (1987); (2) that the disobedient party lacked actual knowledge of the terms of the order, *see Perfect Fit Indus., Inc. v. Acme Quilting Co.,* 646 F.2d 800, 808 (2d Cir.1981), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982); or (3) that proof of the party's noncompliance is not clear and convincing. *Id.* The Saccos have not pleaded or set forth any facts demonstrating that Burke could have asserted one of these defenses had he appeared at the November 3, 1988 hearing such that the outcome of the proceeding would have been different. Thus, no issue of fact is raised as to this essential element of plaintiff's case. A complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Accordingly, defendants' motion for summary judgment dismissing the complaint is granted.

IT IS SO ORDERED.