ZELLWEGER ANALYTICS, INC.

v.

ISCO, INC. and Emsi, Inc.

No. CIV. A. G–98–028.

United States District Court,
S.D. Texas,
Galveston Division.

May 15, 1998.

Guy E. Matthews, Matthews and Associates, Houston, TX, Robert Charles Shaddox, Matthews and Associates, Houston, TX, for Zellweger Analytics, Inc.

Kent Arlan Rowald, Vaden Eickenroht et al., Houston, TX, for Isco, Inc.

Jeff Dan Weems, Liddell Sapp Zivley Hill & LaBoon, Houston, TX, for Emsi, Inc.

### ORDER DENYING MOTION TO SET ASIDE ORDER

KENT, District Judge.

Now before the Court is Defendant Isco, Inc.'s Motion to Set Aside Order, filed April 21, 1998. For the reasons set forth below, the Motion to Set Aside Order is emphatically **DENIED.**

Plaintiff filed this patent infringement action on January 22, 1998, seeking, *inter alia,* relief in the form of a preliminary injunction. The Court scheduled a hearing on the preliminary injunction on January 23, 1998. After conducting the hearing, at which counsel for Plaintiff and for Isco were present, the Court granted the injunction, pending Plaintiff's posting of a $500,000 bond. Plaintiff posted the bond on February 11.[1]

Subsequently, on March 18, 1998, Isco filed its Notice of Appeal to the Federal Circuit Court of Appeals, appealing the Court's Order Granting Plaintiff's Motion for Preliminary Injunction, and also filed its Motion for Clarification, or in the Alternative for an Extension of Time to appeal. This Court denied that Motion on April 9, 1998, one day after it administratively closed the case pending the resolution of the issues on appeal, holding that the time period for appealing the injunction expired on February 23, 1998.

---

1. The posting of the bond was entered on the docket sheet on February 12.

■ Isco makes several arguments in its quest to have the Court's Order denying extension of the appeal date overturned. First, Isco argues that this Court had no power to make any rulings after its appeal was docketed, which occurred on March 25, 1998. Although it is unclear exactly what purpose is to be served by this argument, Isco apparently seeks to have this Court vacate either its Order of Administrative Closure, entered April 8, 1998, or its Order Denying Defendant's Motion for Clarification, entered April 9, 1998, or both.

The Court is tempted to not even address this patently ridiculous and pointless argument, given that Isco has apparently not even considered the implications of its argument on the viability of its present Motion. If without power to effect any relief except from clerical errors, this Court has no business considering the instant Motion to Set Aside the Order. According to Isco's argument, that Order would be void *ab initio* anyway. In such a scenario, Isco would be unable to pursue its appeal of the injunction, because only district courts can enlarge the time period for filing a notice of appeal. Appellate Rule 26(b) clearly provides that circuit courts have no power to enlarge the time for filing an notice of appeal. That power is reserved to district courts in Appellate Rule 4(a)(5), which provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." FED. R. APP. P. 4(a)(5). Rule 4(a) prescribes a time period of 30 days after entry of the order or judgment appealed from. Thus if the Court were to adhere to Isco's argument, Isco would clearly not be able to pursue its appeal since it was not filed within 30 days of January 23, 1998, the date that the Order granting the preliminary injunction was entered, and since no other court could extend the appeal date.

■ Isco next argues that the Order it attempts to appeal, although entered on the docket sheet by the clerk of this Court on January 23, 1998, was not effective, and therefore not entered, until February 12, 1998, when the docket sheet reflects that Zellweger posted a bond for the injunction. Rule 4(a), as previously mentioned, provides that a notice of appeal "must be filed with the clerk of the district court within 30 days *after the date of entry of the judgment or order appealed from.*" FED. R. APP. P. 4(a)(1).

Isco's argument ignores the law, as well as plain English and common sense. A judgment or order is "entered" when the clerk *enters* it in the civil docket according to FED. R. CIV. P. 79. *See* FED. R. CIV. P. 58. Although Rule 58 provides that a judgment is not effective until entered, it does *not* provide that a judgment is not entered until effective. Rather, an order is entered when the Court has signed the Order, which is set forth on a separate document, and the Clerk has made a dated entry on the civil docket sheet. *See* FED. R. CIV. P. 58, 79(a). In this case, the Order granting Plaintiff's Motion for a Preliminary Injunction was *entered* on January 23, 1998. Therefore, a notice of appeal of this Order would be due no later than February 23, 1998.

Isco's disingenuous argument as to the effective date of the Order has no bearing whatsoever on its time period to appeal the *entry* of the Order. Isco was aware of the Order as of January 23, 1998,[2] and that date triggered the 30-day appeals period of Rule 4(a)(1). Therefore, the Court finds, once again, that the notice of appeal of its Order Granting Plaintiff's Motion for Preliminary Injunction was due on or before February 23, 1998. The Court's Order of April 9, 1998 denying Isco's Motion for Clarification of Time to Appeal, or in the Alternative, for Extension of Time stands, and Defendant's Motion to Set Aside that Order is accordingly **DENIED.**

The inquiry should end here. The Court goes on merely to underscore the complete frivolity and either deceit or plain incompetence exhibited by Isco's Motion. Having

2. Indeed, Isco's counsel was present at the hearing where the preliminary injunction was considered by the Court.

built its house on shifting sand, Isco then boldly constructs a tottering skyscraper on top of it. According to Isco's first argument, the proper date for it to appeal the injunction is 30 days after February 12, or March 14. But because Isco did not file its notice of appeal until March 18, we must continue.

Isco's next argument is that it did not receive notice that Zellweger had posted its bond on February 12. First, Isco argues that Zellweger was obligated to serve Isco with such notice pursuant to FED. R. CIV. P. 5. It is not at all clear, however, that Rule 5 requires such notice. That Rule merely requires the service of orders requiring by their terms that they be served, pleadings, discovery papers, written motions, "and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper." To say that posting a bond fits under the category of "similar paper" is a stretch. Even accepting, for the moment, Isco's argument that the posting of the bond effected the entry of the judgment, Plaintiff was still not required to serve Isco because the Order from the Court did not by its terms require service. But for the sake of argument, the Court continues.

Isco then intrepidly places the blame for its lack of notice on the Clerk of this Court, claiming that FED. R. CIV. P. 77(d) requires that the Clerk notify the parties that a bond has been posted. Rule 77(d) merely requires a district court clerk to serve notice of the entry of an order or judgment; it does not require notice of the posting of a bond. Furthermore, the Rule itself, the Advisory Committee Notes to the amendments to the rules, and case law all make it clear that notification by the clerk does not affect the time to appeal, but is merely for the convenience of litigants. *See* FED. R. CIV. P. 77(d) advisory committee's note; *In re Morrow*, 502 F.2d 520, 522 (5th Cir.1974); *see also Sofarelli Assoc., Inc. v. United States*, 716 F.2d 1395, 1396 (Fed.Cir. 1983) (time for appeal starts from the entry of the judgment, not from service of the notice of judgment). Moreover, Isco does not and cannot complain that it had no notice

of the entry of the Order on January 23, 1998.

Rule 77(d) further provides that:

Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

FED. R. CIV. P. 77(d). Quoting the "except" portion of Rule 77(d), Isco continues its precarious reasoning to analyze Appellate Rule 4(a):

The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, *may*, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

FED. R. APP. P. 4(a)(6) (emphasis added). Isco reasons based on this Rule that it had until 7 days after March 10, 1998, the date it received notice that Zellweger had posted the bond, to file a motion to reopen the time for appeal.

There are three glaring errors in Isco's argument under Rule 4(a). First is again the fact that the entry of the Order granting the preliminary injunction was accomplished on January 23, 1998. Second, the power of the Court under Appellate Rule 4(a) to extend the appellate timetable is purely discretionary with the Court, as indicated by the emphasized word "may." Isco has offered no reason whatsoever for the Court to exercise this discretion. Finally, even assuming that this provision applied, and that the Court were willing to apply it, this sets the date for Isco to submit a motion to extend the time for appeal at March 17, 1998. Isco did not submit its Motion for Clarification, or in the Alternative to Extend Time, until March 18, 1998.

With regard to the latter obstacle, Isco has one last precarious addition to its tottering edifice. Rule 6(e) of the Federal Rules of Civil Procedure provides that:

> When a party has a right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

FED. R. CIV. P. 6(e). Because it received notice of the posting of the bond from Zellweger, by mail, on March 10, 1998, Isco argues that 3 days should be added to the 7 day period of Rule 4(a)(6), to reach a due date of March 20, 1998. Presto! The March 18 submission date of Isco's Motion to Extend Time is valid, and this Court should set aside its Order.

Once again, Isco's argument falls prey to logic. Although Isco apparently scrutinized Rule 5 when it cited the Rule as authority for Zellweger's duty to serve notice of the bond, Isco must have missed Rule 5(b), which plainly states "[s]ervice by mail is complete upon mailing." Isco doesn't attempt to determine when Zellweger mailed the notice, apparently hoping the Court will blindly accept March 10 as the date of service, after blindly accepting the foregoing baseless, unjustified, and disingenous arguments required to even get to this point. Unfortunately for Isco, this Court is not blind or stupid. Once again, the Court vehemently rejects all of Isco's ill-advised arguments, and finds that the notice of appeal of its Order Granting Plaintiff's Motion for Preliminary Injunction was due on or before February 23, 1998.

In this case, Isco expends a great deal of time and effort arguing technicalities. What Isco has neglected in its truculent attempt to enlarge the time for filing a notice of appeal, other than the law, common sense, and plain English, is that the Court's power in the Appellate Rules to grant an extension of the appeals period is discretionary. Isco has proffered no reason whatsoever to justify why the Court should exercise its discretion to extend the time period in this case. Indeed, counsel has gone to some lengths to insult and quarrel with the Court—efforts hardly calculated to stimulate compassion.[3] Despite the time and effort expended in its rantings over hypertechnicalities and protestations about not receiving notice, neither Isco not its counsel has conceded one iota of the blame for not appealing in time. Simply put, the Court can discern no justification whatsoever for granting the requested relief.

The Court is persuaded that the reason Isco has not proffered justification for its tardy appeal is that it has none. Presumably if Isco did have any justification at all, it would have filed a motion pursuant to FED. R. APP. P. 4(a)(5), which allows a district court, "upon a showing of excusable neglect or good cause, [to] extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Under Rule 4(a)(5), Isco's Motion would have been timely if filed before March 25, 1998, or 30 days after February 23. However, this simple resolution would be effective only upon a showing of excusable neglect or good cause. In such circumstances, the Court can only

---

**3.** The Court feels it is appropriate to comment on the history Isco's counsel has with insulting this Court and disregarding common sense. In *Campbell v. Smythe*, Civil Action No. 97–340, Isco's counsel, Kent Rowald, representing the defendants in that case, filed a similarly condescending and meritless motion for reconsideration of a denial of summary judgment, again implying incompetence on the part of the Court. (In fact, the Order addressing that motion was entered one day before Isco filed its appeal in this case). Counsel apparently mistakes insolence for zealous advocacy. The Court feels constrained to inform him that the former does not begin to meet the requisite of persuasive analysis,

obtained only by informative briefing, relied upon by this Court in its decision-making. In fact, the Court has already wasted too much precious time rebutting counsel's ridiculous and often false assertions and interpretations of law, and is nearing the end of its patience. In this case, counsel screwed up and missed a deadline. If he had filed a simple motion saying so, relief would have promptly been granted. In the future, counsel might consider using a little humility and respect, and replacing rude and insolent finger-pointing with sound, objective legal analysis. Absent such, he can expect no relief in this or any other Court.

assume that no such excusable neglect or good cause exists.

For the reasons set forth above, Defendant Isco's Motion to Set Aside Order is hereby emphatically **DENIED.**

**IT IS SO ORDERED.**