L. Douglas BRINN, et al., Plaintiffs,

v.

TIDEWATER TRANSPORTATION DISTRICT COMMISSION, t/a Tidewater Regional Transit, Defendant.

No. CIV. A. 2:99CV1637.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 21, 2000.

Susan T. Ferguson, Jonathan G. Martinis, Commonwealth of Virginia Rights of Virginians with Disabilities, Richmond, VA, Stephen A. Gold, Philadelphia, PA, for Plaintiffs.

Donald H. Clark, Abram W. VanderMeer, Jr., Williams, Mullen, Clark & Dobbins, PC, Virginia Beach, VA, for Defendant.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's Motion to Amend Judgment Order filed July 31, 2000, pursuant to Federal Rule of Civil Procedure 59(e), and plaintiffs' Opposition to Defendant's Motion to Amend Judgment filed August 2, 2000. For the reasons stated herein, defendant's motion is **DENIED.**

The complaint was filed on September 27, 1999. Plaintiffs brought the action on their own behalf, and as a class action on behalf of all those similarly situated, against defendant for failing and/or refusing to provide necessary public transportation for disabled individuals as mandated by statute, thereby discriminating against these individuals in violation of the Americans with Disabilities Act of 1990; Section 504 of the Rehabilitation Act of 1973; and the regulations promulgated pursuant to each. On April 17, 2000, an order was entered certifying this case as a class action, approving notice to members of the class, setting forth terms of a permanent injunction and settlement, directing counsel for plaintiffs to file their petition for an award of attorneys' fees within eleven (11) days, and permitting defendant to file a response within eleven (11) days of plaintiffs' petition. Plaintiffs filed a motion for attorneys' fees and costs on April 28, 2000, pursuant to Federal Rule of Civil Procedure 54; 42 U.S.C. § 12205; and 29 U.S.C. § 794a(2)(b). Defendant filed its opposition to plaintiffs' motion for attorneys' fees and costs on May 8, 2000. Plaintiffs filed a reply on May 11, 2000. On June 23, 2000, the court held a hearing regarding plaintiffs' motion. The court took the matter under advisement and, on July 21, 2000, entered an order granting plaintiffs' motion for attorney's fees in the amount of $29,506.24 for the services of Jonathan Martinis, counsel for plaintiffs, and denying plaintiffs' motion for attorney's fees for the services of Stephen F. Gold, a Philadelphia lawyer hired by Mr. Martinis to consult on the case. The court ordered that the fees be paid by defendant within ten (10) days of the date of the order. In lieu of paying the fees, defendant filed this motion, requesting an extension of time up to and including August 29, 2000, to pay the fees or to make a decision to appeal the judgment. Subsequently, on August 15, 2000, defendant filed a notice of appeal.

Defendant premised its Motion to Amend on the grounds that it was entitled to a full and fair opportunity to determine whether it would undertake an appeal; it would be extremely difficult to assemble its governing body on such short notice to make this decision; and neither plaintiffs nor their counsel would be prejudiced in the event defendant's motion was granted. Additionally, in the event of an appeal of the court's order, defendant moved the court to stay payment of the attorney's fees and costs and to dispense with the posting of an appeal bond. In response, plaintiffs argued that the motion should be denied because defendant's alleged "difficulty" in obtaining the necessary funds within the time provided by the court was an insufficient basis for relief. Furthermore, plaintiffs contended that they were in fact harmed by defendant's failure to comply with the order because they continued to lose the interest that would have accrued on the fees had they been paid in a timely fashion. Plaintiffs also requested an additional award of attorney's fees for defending against defendant's motion.

### I. Applicable Legal Standards
### A. Award of Attorney's Fees

■ It is well-established that awards of attorneys' fees and costs are within the discretion of trial judges. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Colonial Williamsburg Found. v. Kittinger Co.,* 38 F.3d 133, 138 (4th Cir.1994). In this case, plaintiffs proceeded under Section 12205, which permits the court to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C.A. § 12205. There is little case law interpreting this provision. Therefore, courts adjudicating motions under Section 12205 have relied on the body of law produced by motions for attorneys' fees under the general fee-shifting statute applicable to federal statutory civil rights actions. *See Robins v. Scholastic Book Fairs,* 928 F.Supp. 1027, 1036 (D.Or.1996), *aff'd,* 116 F.3d 485 (9th Cir.1997) (referring to the Civil Rights Attorney's Fees Award Act of 1976 (codified as amended at 42 U.S.C.

§ 1988), noting the scarcity of judicial interpretation of 42 U.S.C. § 12205, and relying on legislative history, which suggests that Congress intended that Section 12205 would operate in the same manner as Section 1988); *Alexander S. By and Through Bowers v. Boyd,* 929 F.Supp. 925, 930 (D.S.C.1995), *aff'd, Burnside v. Boyd,* 89 F.3d 827, 1996 WL 329529 (4th Cir.1996) (finding that the analytical considerations for motions seeking awards of attorneys' fees under Section 12205 are "essentially the same" as those for awards under Section 1988).

■ Moreover, attorney's fees expended in an attempt to collect attorney's fees awarded by a court are also recoverable under Section 1988. *See Dotson v. Chester,* 937 F.2d 920, 933 (4th Cir.1991) (citing *Balark v. Curtin,* 655 F.2d 798, 803 (7th Cir.1981)). Section 1988 of the Civil Rights Act expressly allows the court to award a prevailing party "[i]n any action or proceeding to enforce [the] provision[s] of 1981[and] 1981(a) . . . a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b). It specifically authorizes the recovery of fees for collection efforts because " '[t]he victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation.' " *Dotson,* 937 F.2d at 933 (quoting *Balark,* 655 F.2d at 803).

### B. Award of Post–Judgment Interest

■ In addition to attorney's fees and costs, post-judgment interest may also be awarded on the entire amount of a civil judgment obtained in a district court. " '[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.' " *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (quoting *Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1280 (3d Cir.1987)). Addi-

tionally, it "serves a salutary housekeeping purpose for the forum by creating an incentive for unsuccessful defendants to avoid frivolous appeals and by minimizing the necessity for court-supervised execution upon judgments." *Bailey v. Chattem, Inc.,* 838 F.2d 149, 152 (6th Cir.), *cert. denied,* 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); *see Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979).

Despite the failure to specifically include a provision for post-judgment interest, "it is [still] proper for the [c]ourt to correct its ruling to include such interest . . . where the interest is allowed as a matter of law." *Flowers Transp., Inc. v. M/V Peanut Hollinger,* 94 F.R.D. 99, 100–01 (E.D.La.1982) (relying on the analysis of pre-judgment interest in *Glick* and *In re Merry Queen,* and premising its holding on Rule 60(a), which allows for the court, at any time on its own initiative, to correct clerical mistakes and errors arising from oversight or omission regardless of whether the error goes undiscovered for more than ten days); *see Glick v. White Motor Co.,* 458 F.2d 1287, 1293–94 (3d Cir.1972); *In re Merry Queen Transfer Corp.,* 266 F.Supp. 605 (E.D.N.Y.1967). Post-judgment interest is "automatic from the date of entry of judgment . . . [when] recovered in civil cases in federal district courts." *Flowers,* 94 F.R.D. at 100; *see* 28 U.S.C. § 1961(a); *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1031 (4th Cir. 1993) (stating that "post-judgment interest on the entire amount the court awarded . . . most closely comports with the purpose of post-judgment interest articulated by the Supreme Court" in *Bonjorno,* 494 U.S. at 835, 110 S.Ct. 1570); *United States v. Hannon,* 728 F.2d 142, 145 (2d Cir.1984) (holding that a court may award interest on the entire amount due "when a prior judgment consisting of both principal and accumulated interest is not paid"); *Spain v. Mountanos,* 690 F.2d 742, 747–48 (9th Cir.1982) (granting plaintiff interest on

award of attorney's fees under Section 1988); *Hellenic Lines Ltd. v. Gulf Oil Corp.*, 359 F.2d 403, 404 (2d Cir.1966) (awarding of interest on judgment amount plus interest accrued prior to judgment date was appropriate). Furthermore, post-judgment interest begins to accrue from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir.1999).

### C. Appeal, Bond, and Stay of Judgment

■ A defendant is entitled to file an appeal from a final order in a civil case within thirty (30) days of its entry. Fed. R.App. P. 4(a)(1). Although the filing of a notice of appeal generally divests the district court of jurisdiction, *see Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274, *reh'g denied*, 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985), the district court retains jurisdiction when a notice of appeal is filed prior to the disposition of a motion to alter or amend a judgment. *See* Fed. R.App. P. 4(a)(4) advisory committee notes (indicating in the 1979 amendments that a notice of appeal filed subsequent to the filing of a motion under Rule 59(e) to alter or amend the judgment is suspended and shall have no effect until after the motion is disposed of); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 (10th Cir.1991); *Ced's Inc. v. United States Envtl. Protection Agency*, 745 F.2d 1092, 1096 (7th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985); *Buell v. Security General Life Ins. Co.*, 784 F.Supp. 1533, 1534 (D.Colo.1992), *aff'd*, 987 F.2d 1467 (10th Cir.), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). Thus, the time for appealing the original judgment is tolled pending resolution of a Rule 59(e) motion. Fed. R.App. P. 4(a)(4)(iv); *see F/H Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 116 F.R.D. 224, 226 n. 1 (N.D.Ill.1987).

■ Regardless of whether an entity is a political subdivision, office, or agency of the Commonwealth of Virginia, the district court maintains the discretion to condition an appeal on the filing of "a bond or ... other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R.App. P. 7; E.D. Va. R. 62(a)(stating that such entities are generally exempt from the bond requirement "unless otherwise ordered by the Court"). Such a bond "may be given at or after the time of filing the notice of appeal...." Fed.R.Civ.P. 62(d). In addition to a bond to cover costs, the court also has the discretion to order that the bond posted in connection with an appeal be sufficient to cover the judgment and post-judgment interest and costs. *See, e.g., North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 895 F.Supp. 83, 84 (E.D.Pa.1995) (citations omitted) (indicating that most courts apply the standard requiring "the posting of a bond sufficient to cover the amount of the judgment in full, as well as post-judgment interest and costs"). The underlying purpose of posting a bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. Importantly, the Federal Rules of Civil Procedure provide that a stay of judgment may be obtained when an appeal is taken, but only upon the posting of a court-approved supersedeas bond. Fed.R.Civ.P. 62(d); *see* U.S.Ct. of App. 4th Cir. R. 8 (noting that the filing of a notice of appeal does not automatically stay the execution of the judgment, order, or decision for which review is sought); *In re Federal Facilities Realty Trust*, 227 F.2d 651, 654 (7th Cir.1955) (judgment can be executed while appeal pending and stay only becomes effective upon posting of court-approved bond).

Finally, the court's judgment being stayed pending appeal is different from the

court's judgment being stayed pending disposition of a Rule 59 motion to alter or amend judgment. Rule 62(b) of the Federal Rules of Civil Procedure gives a district court discretion to "stay the execution of or any proceedings to enforce a judgment pending the disposition of a . . . [Rule 59] motion . . . to alter or amend a judgment. . . ." Fed.R.Civ.P. 62(b); *see Educational Employees Credit Union v. Mut. Guar. Corp.,* 154 F.R.D. 233, 234 (E.D.Mo.1994).[1] Moreover, if a party is in violation of a clear and unambiguous judgment of which it has notice, civil contempt may be imposed, unless the judgment is paid or a stay of the judgment is obtained. *See United States v. Roberts,* 858 F.2d 698 (11th Cir.1988); *Sacco v. Burke,* 764 F.Supp. 918, 921 (S.D.N.Y.), *aff'd,* 953 F.2d 636 (2d Cir.1991). A violation of the judgment does not have to be willful for a party to be found in civil contempt. *See McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

## II. *Conclusion*

■ In accordance with the foregoing legal standards, the undisputed facts of this case, and the settlement agreement of the parties which acknowledged plaintiffs' right to request attorneys' fees, the court **DENIES** defendant's Motion to Amend Judgment Order for a number of reasons. Contrary to defendant's contention, plaintiffs would undoubtedly be prejudiced, if the court were to enter defendant's requested extension, by not having the benefit of receipt and use of the judgment proceeds. The court gave the defendant ample time in which to pay the judgment,[2] particularly given that defendant was clearly aware of the potential for an award of attorneys' fees from the date on which it voluntarily entered the settlement agreement, and certainly by April 17, 2000, the date the court entered the order approving the settlement. Furthermore, defendant has demonstrated no inability to pay the judgment. Finally, defendant's motion is moot insofar as it needed additional time to contemplate an appeal, as an appeal has already been noted on August 15, 2000. Therefore, the judgment of July 21, 2000, remains in effect, and the court **ORDERS** that post-judgment interest be paid on the entire $29,506.24 amount recovered by plaintiffs, commencing on July 31, 2000, the date the judgment was due.[3]

Plaintiffs have requested additional attorney's fees expended in defending this Motion to Amend Judgment, and the court has the discretion to award such fees as discussed herein and under Federal Rule of Civil Procedure 54(d). Accordingly, the Clerk shall file the request and accompanying affidavits, *nunc pro tunc* to August 2, 2000, the date on which the request was received and docketed by the Clerk. Defendant has not responded to said request for the additional attorney's fees, and the court therefore **GRANTS** seven (7) days from the date of this order to do so. However, the court *does not* order that the filing of this request for additional attorney's fees has "the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59." Fed.R.Civ.P. 58. In other words, the time for appeal is not tolled pending disposition of this additional request for attorney's fees.

---

**1.** No stay of the court's order of July 21, 2000, and resulting judgment, was sought pending disposition of this Rule 59 Motion to Amend Judgment Order, and no such stay has been granted by this court. *See infra* note 3 & accompanying text.

**2.** The court could have given no time to pay the award of attorney's fees, as the judgment was effective when entered by the Clerk on July 21, 2000. *See* Fed.R.Civ.P. 58; *see, e.g., Zellweger Analytics, Inc. v. Isco, Inc.,* 5 F.Supp.2d 490, 491 (S.D.Tex.1998); *Jones v. Jones Bros. Constr. Co.,* 126 F.R.D. 54, 55–57 (N.D.Ill.1989).

**3.** Notably, the defendant did not seek a stay of the court's judgment under Rule 62(b) pending the disposition of its Rule 59 Motion to Amend, thereby currently being in clear violation of the court's order of July 21, 2000, and subject to an order to show cause why it should not be held in contempt for failure to comply. *See supra* at —— —— and note 1.

In regard to defendant's request for a stay of judgment pending defendant's appeal, the court **GRANTS** said stay, conditioned on the posting of an appeal bond in the sum of $50,000.00, an amount which should be sufficient to cover the judgment, post-judgment interest, and costs. Furthermore, post-judgment interest as ordered herein will continue to run. Any other result would deprive plaintiffs from being fully compensated for any delay in recovering their monetary judgment and would encourage litigants to appeal solely to delay the payment of judgments legally due.

The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

It is so **ORDERED.**